# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:13-cr-00095-RCJ-VPC |
| vs. | **ORDER** |
| KEVIN NEWSOME, | |
| Defendant. | |

On February 10, 2014, Defendant Kevin Newsome pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Plea Agreement 2, ECF No. 17). He acknowledged in his plea agreement, and during the Court's colloquy in conformity with Federal Rule of Criminal Procedure 11, that his guilty plea was made voluntarily and not coerced in any way. (*Id.* at 9). On September 22, 2014, Defendant was sentenced to eighty-four months in prison to be followed by three years of supervised release. (Judgment 2–3, ECF No. 29). On July 31, 2015, Defendant filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 31).

In his Motion, Defendant asserts two grounds for vacating his sentence. Under Ground One, Defendant argues that he received ineffective assistance of counsel in relation to his guilty plea. Defendant claims that his defense counsel's performance was deficient under the Sixth Amendment because he coerced Defendant into submitting a guilty plea by guaranteeing

1

1 Defendant a thirty-five month sentence if he signed the deal.  Defendant argues that this promise
2 was made over the phone and that it was unlawful since defense counsel lacked authority to
3 make any such promise. (Mot. to Vacate 5, ECF No. 31).  Under Ground Two, Defendant
4 contends that the Court accepted the guilty plea in error.  According to Defendant, since he pled
5 guilty in reliance on a false and unlawful promise made by his defense counsel, the plea was not
6 made knowingly. (*Id.* at 6).  The Court has reviewed Defendant's arguments, and for the reasons
7 contained herein, denies the Motion.

8 The Court finds that neither Ground One nor Ground Two provides an adequate basis on
9 which Defendant's Motion may be granted.  First of all, Defendant is judicially estopped from
10 asserting in the instant Motion that his defense counsel made promises to him upon which he
11 relied when submitting his guilty plea.[1]  During Defendant's change of plea hearing, the Court
12 specifically asked Defendant two separate times whether the plea was voluntary and whether
13 anyone had made a promise to Defendant that did not appear in the plea agreement that caused
14 him to plead guilty. (*See* Feb. 10, 2014 Hearing, at 3:17:07, 3:17:57).  Indeed, the Court
15 instructed Defendant to "make sure" he understood that he had an obligation to tell the Court of
16 any promise that caused him to plead guilty because that would be "the only way" to judge the
17 fairness of the guilty plea. (*Id.* at 3:17:57).  Defendant responded, under oath, that "yes, sir" he
18 understood, and no there were no other promises. (*Id.*).  Defendant cannot now take the
19 inconsistent position that, in fact, his attorney made a promise to him that was not included in the
20 record and that he relied upon that promise in submitting his guilty plea.  To allow this change in

---

[1] "Judicial estoppel, sometimes also known as the doctrine of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "It is an equitable doctrine invoked 'not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts.'" *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

position would jeopardize "the dignity" of the proceedings and amount to Defendant playing "fast and loose" with the Court, especially given the benefit Defendant derived from the plea agreement. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citation omitted).  The Court similarly confirmed multiple times that the guilty plea was being made voluntarily, knowingly, and without coercion. (Feb. 10, 2014 Hearing, at 3:17:07). Defendant's second ground for vacating his sentence is therefore likewise judicially estopped.

Furthermore, even if Defendant were not judicially estopped from raising the arguments he presents in this Motion, he has failed to demonstrate ineffective assistance of counsel under the *Strickland v. Washington* standard.  Under *Strickland*, Defendant must show that his counsel's performance was deficient and that this deficient performance prejudiced Defendant. 466 U.S. 668, 687 (1985).  Prejudice under *Strickland* occurs only if there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Defendant in this case fails to demonstrate either constitutional deficiency or prejudice. An attorney's inaccurate prediction of what sentence a defendant might receive does not necessarily amount to deficient performance, especially when the defendant is reminded that the discretion as to what sentence will be imposed rests entirely with the court. *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).  Here, the Court explained in detail the range suggested by the sentencing guidelines pursuant to Defendant's charge, and Defendant confirmed that he understood that he could be sentenced to any amount of time within those guidelines at the Court's discretion.(Feb. 10, 2014 Hearing, at 3:15:00).  But even if Defendant's

1  counsel's alleged promise violated *Strickland*, it is clear that Defendant has suffered no
2  prejudice.

3  Defendant does not assert that but for his counsel's supposed promise he would not have
4  pled guilty. This alone demonstrates lack of prejudice. *See Doganiere*, 914 F.2d at 168 (finding
5  no prejudice where defendant failed to allege he would not have pled guilty but for his counsel's
6  faulty advice). However, even if Defendant had not pled guilty and the case proceeded to trial,
7  the prosecution possessed ample evidence for conviction; namely, Defendant was arrested in
8  possession of a firearm while having previously been convicted of a felony. His sentence for
9  such a conviction could have been as many as ten years in prison, and there is not a reasonable
10 probability that it would have been any less than the eighty-four months to which the Court
11 sentenced Defendant pursuant to the guilty plea. Thus, the Court finds that any deficient
12 performance by Defendant's counsel did not generate the prejudice needed to maintain an
13 ineffective assistance claim.

14 As to Ground Two, besides being barred by judicial estoppel, Defendant's
15 characterization of the claim renders it defunct. The Court requested affirmation on Defendant's
16 part, under oath, of all the elements required under Rule 11. Defendant agreed and represented
17 that his plea was made knowingly and voluntarily. Accordingly, the Court did not err in
18 accepting the plea because Defendant stated that the plea was made knowingly. Since defense
19 counsel's alleged promise was made outside the record and over the phone to Defendant, it was
20 in no way the Court's mistake to take Defendant's sworn testimony that no other promises were
21 made to him upon which his plea was based. The Motion to Vacate is denied, and the Court also
22 denies a certificate of appealability as Defendant has failed to make a substantial showing of the
23 denial of any constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).
24

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Vacate (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue.

IT IS SO ORDERED.

Dated: __ September 3, 2015 ___

_____
ROBERT C. JONES
United States District Judge